# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  Plaintiff<br><br>      v.<br><br>[11] LUIS ROLDAN-CORTES,<br><br>  Defendant. | CRIM NO.  97-284 (RAM-BJM) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### RE: AMENDMENT 782

This is an initial determination as to eligibility for the drug reduction amendment promulgated by the United States Sentencing Commission under Amendment 782 to Policy Statement § 1B1.10(d).

After careful review of the defendant's presentence report, charging document(s), plea agreement (if any), judgment and statement of reasons, I recommend as follows:

[X] The defendant is **not** eligible for a sentence reduction based on the following factor(s):

> [X] A. The guidelines range that applied in this case was not determined under one of the guidelines affected by the amendment (2D1.1, 2D1.2, 2D1.5, 2D1.6, 2D1.8, 2D1.10, 2D1.11, and 2D1.14), or the drug guideline was initially used but a cross reference to other guideline was triggered, resulting in a total offense level determined based on the cross referenced guideline.
>
> [ ] B. The defendant was sentenced to a statutory mandated minimum imprisonment term.  The defendant did not comply with the safety valve provisions and did not receive a reduction of his or her imprisonment term based on a

Criminal No. 97-284-11 (RAM-BJM)

departure for substantial assistance or a Rule 35 motion subsequent to the original sentence.

[ ] C. The defendant's final and total base offense level was derived from the career offender or the career criminal guideline.

[ ] D. The base offense level was 43 or 38 based on 2D1.1(a)(1) or (2) as the defendant was convicted of a drug violation and the offense of conviction established that death or serious bodily injury resulted from the use of the substance and the defendant committed the offense after one or more prior convictions for a similar crime.

[ ] E. The base offense level was 12 or lower and the case involved heroin, cocaine, cocaine base, PCP, methamphetamine, amphetamine, LSD or fentanyl.

[ ] F. The base offense level was 8 or lower and the offense involved flunitrazepam.

[ ] G. The base offense level was 6 or lower and the offense involved marijuana, hashish, ketamine, Schedule I or II Depressants, Schedule III Hydrocodone, Schedule III Substances (other than Ketamine and Hydrocodone), Schedule IV Substances (except flunitrazepam), or Schedule V Substances.

[ ] H. The Court determined the base offense level by using either of the quantity tables at U.S.S.G. § 2D1.11 and the base offense level was 12 or lower.

[ ] The defendant **may be** eligible for a sentence reduction and therefore the matter is referred to a United States District Judge.

Criminal No. 97-284-11 (RAM-BJM)

The defendant was charged in Counts One, Seven, Eight, and Nine of the second superseding indictment in cr. 97-284. Dkt. No. 816. Defendant was found guilty by a jury on all four counts and was sentenced to life imprisonment as to each count, to be served concurrently with each other. Dkt. Nos. 1100, 1480. Only Count One, conspiracy to possess cocaine and marijuana with intent to distribute, in violation of Title 21, *United States Code*, § 846, is pertinent to this matter. Dkt. No. 816. The statutory term of imprisonment as to Count One is a minimum of ten years and up to life.

The court at sentencing heard arguments about what sentencing guideline to apply (U.S.S.G. 2D1.1 or 2A1.1) and adopted the factual findings and guideline application in the presentence report ("PSR"). Dkt. Nos. 1260; 1479; 1493, p. 20-31. Pursuant to U.S.S.G. 3D1.2(c), all four counts were grouped into a combined offense level because "counts seven, eight, and nine embody conduct that is treated as an adjustment, that is, a cross reference to count one." Dkt. No. 1260, p. 8. The base offense level was calculated by the provisions of U.S.S.G. 2A1.1 which "provides that offenses involving First Degree Murder have a base offense level of 43." *Id.* No further adjustments were made, for a total offense level of 43. The defendant had no prior criminal convictions and his criminal history category was set at I. Dkt. No. 1260, p. 9. "Based upon a total offense level of 43 and a criminal history category of I, the guideline imprisonment range is life." Dkt. No. 1260, p. 10. *See* Statement of Reasons. Dkt. No. 1873.

Since the guideline range that was applied in this case was not determined under one of the guidelines affected by the amendment, I find that the defendant is not eligible for a sentence reduction under Amendment 782 and recommend that the motion for reduction of sentence (Dkt. No. 1833) be DENIED by the Court.

Since a determination of ineligibility has been made, the matter is formally submitted to the Presiding District Court Judge. The Federal Public Defender or Defense Counsel has 10 days to object to the initial assessment of ineligibility. After the 10-day period, and in the absence of an objection by defense counsel, the Presiding District Court

Criminal No. 97-284-11 (RAM-BJM)

Judge may rule on the motion for reduction of sentence and may adopt the recommendation of the Magistrate Judge.

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 22nd day of August, 2023.

*s/ Bruce J. McGiverin*
Bruce J. McGiverin
United States Magistrate Judge