IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>LUIS ROLDAN-CORTES,<br><br>**Defendant** | CIVIL NO. 97-284-11 (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

    Pending before the Court is Defendant Luis Roldan-Cortes' ("Defendant") *Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782* ("*Motion*"). (Docket No. 1833). Having considered the *Magistrate Judge's Report and Recommendation Re: Amendment 782* ("R&R"), (Docket No. 1874), the *Presentence Report* ("PSR"), (Docket No. 1260), the sentencing transcript, (Docket No. 1493), the *Judgment*, (Docket No. 1480), and the *Statement of Reasons*, (Docket No. 1873), Defendant's *Motion* is hereby **DENIED**.

    Defendant was found guilty of four counts: Count One (21 U.S.C. § 846 - conspiracy to possess with intent to distribute cocaine and marijuana); Count Seven (18 U.S.C. §§ 924(j) & 2 - aiding and abetting in the use of a firearm to commit murder in relation to a drug trafficking offense); Count Eight (18 U.S.C. §§ 1512(a) & 2 - aiding and abetting in the murder of a witness or

informant); and Count Nine (21 U.S.C. 842(e)(1) & 18 U.S.C. § 2 - aiding and abetting in a murder while engaging in a continuing criminal enterprise). (Docket Nos. 816, 1100 and 1480). These counts were grouped into a combined offense level pursuant to U.S.S.G. § 3D1.2(c). (Docket No. 1260 at 11). On May 1, 2002, Defendant was sentenced by the Honorable José A. Fusté to life imprisonment for each count, to be served concurrently. (Docket Nos. 1479 and 1480 at 1-2). On September 2, 2016, Defendant's case was reassigned to the Honorable Gustavo A. Gelpí, then a District Court Judge. (Docket No. 1832). On the same day, Defendant filed the present *Motion*. (Docket No. 1833). On March 22, 2022, Defendant's case was transferred to the undersigned's docket. (Docket No. 1849). Pursuant to Administrative Directive 14-MC-0426, the matter was referred on April 14, 2023, to Magistrate Judge Bruce J. McGiverin. (Docket No. 1870). Judge McGiverin issued his *R&R* on August 22, 2023, finding that Defendant is not eligible for a sentence reduction under Amendment 782. (Docket No. 1874).

"[W]hen a lower court produces a comprehensive, well-reasoned decision," the reviewing court "should refrain from writing at length to no other end than to hear its own words resonate." Vega-Morales v. Comm'n of Soc. Sec., 380 F. Supp. 2d 54, 56 (D.P.R. 2005)(quoting Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996)). Here, the Court **ADOPTS** the *R&R*,

Criminal No. 97-284 (RAM)                                                    3

which correctly determined that "the guideline range that was applied in [Defendant's] case was not determined under one of the guidelines affected by [Amendment 782]." (Docket No. 1874 at 3). Amendment 782 applies only to U.S.S.G. § 2D1.1(c). U.S. Sentencing Guidelines Manual app. C, amend. 782. Because Defendant was sentenced according to U.S.S.G. § 2A.1.1, he is ineligible for a sentence reduction under Amendment 782. (Docket Nos. 1493 at 26-28; 1873 at 1 and 1260 at 11-12).

Although Defendant's *Motion* contains other arguments contesting his sentence, these arguments "are not properly before the court on a motion for a sentence reduction under Amendment 782" or 18 U.S.C. § 3582(c)(2). United States v. Santiago-Lugo, 2018 WL 11299450, at *2 (D.P.R. 2018), *aff'd*, 2019 WL 11868617 (1st Cir. 2019).

An Order using Form AO 247 shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of October 2023.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE