**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>　　　　v.<br><br>[11] LUIS ROLDÁN-CORTÉS,<br><br>　　　　Defendant. | **CRIMINAL NO. 97-284-11(RAM)** |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

　　Pending before the Court is Defendant Luis Roldán-Cortés' ("Defendant" or "Roldán-Cortés") *Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(a) and Amendments 821 §1B1.13(b)(6)* ("*Motion*"). (Docket No. 1904). Having considered the *Magistrate Judge's Report and Recommendation Re: Amendment 821* ("*R&R*"), (Docket No. 1904), the *Presentence Report* ("PSR"), (Docket No. 1260), the sentencing transcript, (Docket No. 1493), the *Judgment*, (Docket No. 1480), and the *Statement of Reasons*, (Docket No. 1873), Defendant's *Motion* is hereby **DENIED**.

　　On July 6, 2000, a Grand Jury returned a 12-count second superseding indictment charging Mr. Roldán-Cortés and his co-defendants with drug trafficking conspiracy and several murders in furtherance of the conspiracy. Defendant was charged with 4 of the

12 counts, namely: conspiracy to possess with the intent to distribute more than five kilograms of cocaine and multi-hundred pound quantities of marijuana, in violation of 21 U.S.C. § 846 (Count 1); aiding and abetting firearms murder in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(j) (Count 7); aiding and abetting the murder of a witness or informant, in violation of 18 U.S.C. § 1512(a) (Count 8); and aiding and abetting murder while engaging in a drug trafficking offense, in violation of 18 U.S.C. § 848(e)(1) (Count 9). Id. at 2-19.

Mr. Roldán-Cortés and two co-defendants pleaded not guilty and proceeded to trial, which began on September 7, 2000. United States v. Rodriguez-Marrero, 390 F.3d 1 (1st Cir. 2004). The jury found Mr. Roldán-Cortés guilty on all counts. (Docket No. 1100). Judge José A. Fusté sentenced Defendant to life in prison for each count, to be served concurrently. (Docket No. 1480).[1] If ever released, he is subject to concurrent supervised release terms of five (5) years as to all counts. Id.

Defendant timely appealed, asserting that (1) the district court's denial of his continuance motion denied him the opportunity for a fair trial; (2) the evidence upon which he was convicted was insufficient and submitted to the jury upon an incorrect *mens rea*

---

[1] The case was transferred to the undersigned on March 22, 2022. (Docket No. 1849).

Case 3:97-cr-00284-RAM-BJM    Document 1916    Filed 02/02/26    Page 3 of 9

Criminal No. 97-284-11(RAM)                                              3

instruction; (3) the court should have severed his trial from his co-defendants'; (4) he deserves a new trial because of newly-discovered evidence and the government's *Brady* violation; (5) the court violated *Apprendi* and *Blakely;* and (6) the sentencing court failed to understand its authority to grant a downward departure. *See* United States v. Rodriguez-Marrero, 390 F.3d 1 (1st Cir. 2004). The First Circuit rejected Mr. Roldán-Cortés' arguments and affirmed Judge Fusté's sentence. Id.

After his failed direct appeal from Judge Fusté's sentence, Mr. Roldán-Cortés has filed a series of unsuccessful Section 2255 petitions, motions to reduce sentence and motions for compassionate release. *See* (Docket Nos. 1662, 1833, 1840, 1904).

On November 22, 2024, Mr. Roldán-Cortés filed his *Motion*. (Docket No. 1904). The motion was referred to United States Magistrate Judge Bruce J. McGiverin pursuant to the provisions of the *Administrative Directive Regarding Amendment 821*. (Docket No. 1905); *see also* 23-mc-565 (Docket No. 1). On December 6, 2024, Magistrate Judge McGiverin issued a *Report and Recommendation* ("*R&R*") concluding that Mr. Roldán-Cortés is not eligible for a sentence reduction under Amendment 821, but did not address Defendant's arguments for a sentence reduction pursuant to 18 U.S.C § 3582(c)(1)(a) and the *§1B1.13 Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(C)(1)(A)* policy statement. (Docket No.

1906). Defendant objected to the *R&R*. (Docket No. 1907). The Government opposed Defendant's objections. (Docket No. 1911).

"[W]hen a lower court produces a comprehensive, well-reasoned decision," the reviewing court "should refrain from writing at length to no other end than to hear its own words resonate." Vega-Morales v. Comm'n of Soc. Sec., 380 F. Supp. 2d 54, 56 (D.P.R. 2005)(quoting Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996)). Here, the Court **ADOPTS** the *R&R*, which correctly determined that the defendant is not eligible for a sentence reduction because he does not meet all the conditions specified by § 4C1.1. (Docket 1906 at 1). Specifically, the defendant is barred because the offense at issue "resulted in death or serious bodily injury". Id. at 2.

As to compassionate release under 18 U.S.C § 3582(c)(1)(a), a court may not modify a final sentence unless a defendant has "fully exhausted all administrative rights to appeal a failure of" the Bureau of Prisons to bring a motion for reduction of sentence on his behalf or if thirty days have elapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. Even if these conditions are met, district courts also consider "the factors set forth in § 3553(a) to the extent that they are applicable," and there must be "extraordinary and compelling reasons" warranting the proposed reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also* United States v. Saccoccia, 10 F.4th

1, 4 (1st Cir. 2021) (providing general principles for evaluating compassionate release motions).

The defendant bears the burden of establishing that extraordinary and compelling reasons exist, that he is no longer a danger to the community, and that the § 3553(a) factors favor release. United States v. Galiany-Cruz, 2023 WL 6458535, at 1 (1st Cir. 2023); United States v. Miranda-Rojas, 2023 WL 7181650, at 1 (1st Cir. 2023). The United States Sentencing Commission's ("USSC") policy statement on prisoner-initiated motions for compassionate release provides further guidance. See U.S.S.G. § 1B1.13. Pursuant to First Circuit precedent, "district courts addressing such motions not only will be bound by the statutory criteria but also will be required to ensure that their determinations of extraordinary and compelling reasons are consistent with that [Policy Statement's] guidance." United States v. Ruvulcaba, 26 F.4th 14, 23-24 (1st Cir. 2022). In other words, the First Circuit expects district courts to consider this policy statement when deciding motions for compassionate release. See United States v. Rivera-Rodríguez, 75 F.4th 1, 18 n.22 (1st Cir. 2023).

The policy statement outlines six circumstances that individually or in combination may constitute extraordinary and compelling reasons warranting relief: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family

circumstances; (4) whether defendant was a victim of abuse while incarcerated; (5) "other reasons" similar in gravity to the preceding four reasons; and (6) whether the defendant received an unusually long sentence. U.S.S.G. § 1B1.13(b).

With regards to the last identified circumstance—an unusually long sentence—the sentencing guidelines specifically provide:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). But changes in the law, including amendments to the guidelines that have not been made retroactive, "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c). On the other hand, if the defendant establishes extraordinary and compelling reasons warranting a reduction, "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." Id.

Lastly, the policy statement requires a finding that "the defendant is not a danger to the safety of any other person or to

the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). The factors to consider include the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness that the release of the person would pose to any person or the community. 18 U.S.C. § 3142(g).

In the case at bar, Mr. Roldán-Cortés avers that he was sentenced before United States v. Booker, 543 U.S. 220 (2005), that a life sentence is no longer mandatory in his case, and that there is a gross disparity between his sentence and what he would be sentenced to today. However, Petitioner would still have a base offense level of 43 even under the 2025 edition of the United States Sentencing Guidelines. Consequently, assuming *arguendo* that Booker constitutes a significant nonretroactive change in the law, his guideline sentencing "range" continues to be life imprisonment.

Even if the Court was inclined to find that his sentence was unusually long due to mitigating factors such as youth at the time of the offense, Defendant has failed to put the Court in a position to conduct a proper balancing of the section 3553(a) factors, and to determine that he is no longer a danger to the community. *See* United States v. Ebbers, 432 F. Supp. 3d 421, 430-31 (S.D.N.Y. 2020) (the court "should assess whether [the section 3553(a) factors] outweigh the 'extraordinary and compelling reasons'

warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

Defendant makes weak, conclusory statements about his youth at the time of the offense, his post-sentence rehabilitation, and his devotion to his family. However, these alone cannot overcome that Mr. Roldán-Cortés was convicted of aiding and abetting the murder of an informant in the context of a large-scale drug conspiracy—a violent and serious offense.

Thus, the Court finds that Defendant's youth at the time of the offense is insufficient to conclude that a gross disparity exists between his sentence and what he would have been sentenced to today. Moreover, the record is missing important information that, in the event it found an unusually long sentence, would have allowed the Court to conduct a proper balancing of the section 3553(a) factors and to determine whether releasing the defendant would pose a danger to the community.

The Court will not disturb Judge Fusté's original sentencing calculus, which was upheld on appeal. As the First Circuit has stated:

> [S]entencing under an advisory guidelines regime is more art than science. A sentencing judge must weigh a variety of considerations . . . and formulate a sentence that is responsive to the facts. There is normally no single appropriate sentence but, rather, a range of reasonable sentencing options.

<u>United States v. Anonymous Defendant</u>, 629 F.3d 68, 78 (1st Cir. 2010).

For the foregoing reasons, Defendant Luis Roldán-Cortés's *Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(a) and Amendments 821 §1B1.13(b)(6)* at Docket No. 1904 is **DENIED**.

In San Juan, Puerto Rico, this 2nd day of February 2026

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
